IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DAVID LEE KISNER,**

        Petitioner,

   v.                                  **CIVIL ACTION NO. 5:05cv100**
                                             **(Judge Stamp)**

**AL HAYNES, Warden,**

        Respondent.

**REPORT AND RECOMMENDATION**

**I. BACKGROUND**

On July 5, 2005, the *pro se* petitioner, David Lee Kisner, an inmate at the USP Satellite Prison Camp in Hazelton, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241 in the United States District Court for the Western District of Virginia, seeking to have credit against his sentence for time he spent in federal custody pursuant to a writ of habeas corpus *ad prosequendum*. The petitioner paid the filing fee on July 7, 2005. By Order entered on July 8, 2005, the matter was transferred to this Court because the petitioner's place of incarceration is located in the Northern District of West Virginia. On September 23, 2005, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the respondent. On October 24, 2005, the respondent filed his Response. In addition to his response, the respondent also filed a number of exhibits, including the Declaration of Sandra M. Gregg; the Declaration of Adam J. Ackley, and Program Statement Number 5880.28 having to do with sentence computation. On March 31, 2006, the respondent was granted thirty (30) days within which to file a reply to the respondent's response to the petition. To

1

date, no reply has been filed.

## II. **FACTS**

On March 5, 2001, petitioner was sentenced by the State of Virginia to a three year term of imprisonment for probation violations for Breaking and Entering and Grand Larceny. (Dckt. 8-2, p. 2). The petitioner's state sentence ended on September 22, 2003. (Id.).

On June 26, 2002, while the petitioner was serving his state sentence, he was taken into federal custody by the United States Marshall Service pursuant to a writ of habeas corpus *ad prosequendum* to face federal charges. (Dckt. 8-4). On March 7, 2003, the petitioner was sentenced in the United states District Court for the Western District of Virginia to a term of seventy-two (72) months incarceration, to run concurrently with the previously imposed Virginia sentence. (Dckt. 8-2, p. 2). The petitioner was released back to Virginia state authorities on March 10, 2003. (Dckt. 8-4). Virginia authorities did not interrupt his state sentence during the time he was in temporary federal custody. Following the expiration of his state sentence, he was turned over to federal authorities. (Dckts. 8-4, 8-6). On October 15, 2003, the petitioner was placed in the custody of the Federal Bureau of Prisons. (Dckt. 8-5). With consideration for prior custody credit and good conduct time, his projected release date is May 11, 2008.

## III. **CONTENTIONS OF THE PARTIES**

Petitioner makes the following argument in his Application for Habeas Corpus:

(1) His federal sentence should be credited with the time he spent in federal custody on the writ of habeas corpus *ad prosequendum* which amounts to approximately eight months and eleven days.

The Government contends that the petition should be dismissed because:

(1) petitioner is not entitled to any additional prior custody credit because to do so would

give him double credit for his detention time.

### IV. ANALYSIS

The petitioner argues that he is entitled to credit against his federal sentence for the time he served from June 26, 2002, the date he was temporarily turned over to the custody of the United States Marshal Service pursuant to a writ of habeas corpus *ad prosequendum*, through March 6, 2003, the day before his federal sentencing. More specifically, the petitioner argues that because his federal sentence was ordered to run concurrently with his state sentence, the BOP cannot arbitrarily assign the date of March 7, 2003, to begin calculating his federal sentence. Although not specifically stated, the petitioner appears to argue that because he was serving his state sentence during the period of March 26, 2002 through March 6, 2002, his federal sentence, which was ordered to run concurrently, must include that time.

In general, a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Nevertheless, in some cases, a federal sentence may begin prior to the date the Attorney General gains physical custody of the defendant. Title 18 U.S.C. Section 3621(b) gives the Bureau of Prisons the authority to "designate the place of [a] prisoner's imprisonment." Therefore, when a federal court orders its sentence to run concurrently with a previously imposed state sentence, a *nunc pro tunc* designation can be made, whereby the Bureau of Prisons designates a state facility as the place for service of a federal sentence. See United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998)(a federal sentence may commence on a defendant who is already in state custody "if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence.")

However, the mere fact that state prisoner is in federal court pursuant to a federal writ of habeas corpus *ad prosequendum* does not mean that the prisoner's federal sentence has begun to run. "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." Id. at 912. See also Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992)("A prisoner is not even in custody for purposes of section 3568 when he appears in federal court pursuant to a writ *ad prosequendum*; he is merely 'on loan' to federal authorities.").

In the instant case, the federal court sentenced the petitioner on March 7, 2003, and ordered his federal sentence to run concurrently with the state sentence he was already serving. Although the petitioner was not actually in custody of federal officials for purposes of this sentence until he was placed in the custody of the Bureau of Prisons on October 15, 2003, the Bureau of Prisons made a *nunc pro tunc* designation of the state facility for service of the federal sentence in order to carry out the wishes of the federal sentencing court's concurrent sentence. Therefore, the petitioner's federal sentence is deemed to have begun on March 7, 2003, the date his federal sentence was imposed.

Thereafter, the petitioner properly received credit towards his federal sentence while he was in state custody following his federal sentencing date of March 7, 2003, until the expiration of his state sentence on September 23, 2003. However, despite his argument to the contrary, he is not entitled to additional credit towards his federal sentence for the time he spent in detention on the writ ad prosequendum.

The Attorney General, through the Federal Bureau of Prisons, is responsible for computing federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence.**

(emphasis added).

The United States Supreme Court has held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, supra at 337. Therefore, under 18 U.S.C. § 3585(b), prior custody credit cannot be awarded if the prisoner has received credit towards another sentence. See U.S. v. Brown, 977 F.2d 574 (4th Cir, 1992)(Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences **unless it has been credited against another sentence**). (emphasis added); U.S. v. Goulden, 54 F.3d 774 (4th Cir. 1995)(credit is only available for time spent in custody which has not been credited against another sentence).

Here, the petitioner's state sentence ran continuously from its start on October 22, 2001, until its expiration on September 22, 2003. (Dckt. 8-11). Therefore, the petitioner received credit against his state sentence for the time he spent in detention pursuant to the writ *ad prosequendum*. Because the petitioner cannot receive double credit, he is not entitled to any credit for this time against his federal sentence.

### IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the

Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: August 2, 2007

/s/ james E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE