IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAVID LEE KISNER,

    Petitioner,

v.                                         Civil Action No. 5:05CV100
                                                   (STAMP)

AL HAYNES, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The pro se petitioner, David Lee Kisner, was sentenced on March 5, 2001, by the State of Virginia to a three-year term of imprisonment for probation violations for Breaking and Entering and Grand Larceny. On June 26, 2002, while the petitioner was serving his state sentence, he was taken into federal custody pursuant to a writ of habeas corpus ad prosequendum to face federal charges. On March 7, 2003, the petitioner was sentenced in the United States District Court for the Western District of Virginia to a term of seventy-two (72) months incarceration, to run concurrently with the previously imposed Virginia sentence. The petitioner was released back to Virginia state authorities on March 10, 2003. Virginia authorities did not interrupt his state sentence during the time he was in temporary federal custody. Following the expiration of his state sentence, he was turned over to federal authorities. On

October 15, 2003, the petitioner was placed in the custody of the Federal Bureau of Prisons.

On July 5, 2005, the petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of Virginia. The case was transferred to this Court because the petitioner is incarcerated in the Northern District of West Virginia. The matter was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09. The respondent filed a response in opposition to the petition. The petitioner did not reply. Thereafter, Magistrate Judge Seibert issued a report and recommendation recommending that the petitioner's § 2241 application be denied and dismissed with prejudice. To date, the petitioner has not filed objections.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Because no objections have been filed,

this Court will review the report and recommendation of the magistrate judge for clear error.

## III. Discussion

In his petition, the petitioner contends that he should receive credit on his federal sentence for the amount of time that he spent in federal custody on the writ of habeas corpus <u>ad prosequendum</u>. The magistrate judge found that the petitioner has already received credit toward his state sentence and is therefore precluded from receiving credit toward his federal sentence. This Court agrees.

As the magistrate judge notes, 18 U.S.C. § 3585(b)(2) precludes a defendant from receiving credit for time served where service has been credited against another sentence. <u>See</u> <u>United States v. Brown</u>, 977 F.2d 574 (4th Cir. Sept. 25, 1992)(unpublished)(Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence); <u>United States v. Goulden</u>, 54 F.3d 774 n.3 (4th Cir. May 17, 1995)(unpublished)(credit is only available for time spent in custody which has not been credited against another sentence). Because the petitioner received credit on his Virginia sentence for the time served during the writ of habeas corpus <u>ad prosequendum</u>, he is not entitled to any credit for this time against his federal sentence.

## IV. Conclusion

Because, after a review for clear error, this Court concludes that the magistrate judge's recommendation is proper, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation. Accordingly, it is ORDERED the petitioner's § 2241 petition be DENIED and DISMISSED WITH PREJUDICE. It is further ORDERED that this case be DISMISSED with prejudice and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Because the petitioner has failed to object, she has waived her right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: April 8, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE